UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINGLI LIN,

                          Plaintiff,

          -against-                                    1:21-CV-4456 (PAE)

UNITED STATES CITIZENSHIP AND                          TRANSFER ORDER
IMMIGRATION SERVICES,

                          Defendant.

PAUL A. ENGELMAYER, United States District Judge:

        Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action in

which he[1] sues United States Citizenship and Immigration Services (USCIS), and seeks

mandamus relief with regard to USCIS's alleged failure to render a decision with respect to

Plaintiff's refugee/asylee relative petition (I-730 petition).[2] The Court construes Plaintiff's

complaint as seeking mandamus relief under 28 U.S.C. § 1361 or relief under the Administrative

Procedure Act, 5 U.S.C. §§ 702, 703. For the following reasons, the Court transfers this action to

the United States District Court for the Eastern District of New York.

        The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1).

Under that provision:

        [a] civil action in which a defendant is an officer or employee of the United States
        or any agency thereof acting in his official capacity or under color of legal
        authority, or an agency of the United States, or the United States, may, except as
        otherwise provided by law, be brought in any judicial district in which (A) a
        defendant in the action resides, (B) a substantial part of the events or omissions
        giving rise to the claim occurred, or a substantial part of property that is the

---

[1] Because Plaintiff's gender is unclear from the complaint, the Court uses male pronouns
when referring to Plaintiff.

[2] Plaintiff has paid the fees to bring this action.

subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. . . .

§ 1391(e)(1).

Plaintiff does not allege any facts showing that this court is proper venue for this action. The address that Plaintiff provides for USCIS is a Mesquite, Texas, post-office box address for USCIS's Texas Service Center. (ECF 1, at 4). And he does not specify where a substantial part of the events or omissions giving rise to the claims occurred. But he does specify that he currently resides in Brooklyn, Kings County, which lies in the Eastern District of New York. *See* 28 U.S.C. § 112(c). And it is plain that there is no real property involved in this action.

The only court that clearly appears to be a proper venue is the Eastern District of New York, the judicial district in which Plaintiff resides. Accordingly, venue lies in the Eastern District of New York, *see* § 1391(e)(1)(C), and the Court therefore transfers this action to that court, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 21, 2021
        New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge